UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Bright Wood Corporation,

Plaintiff,

v.

Bankers Standard Insurance Company,
and California Insurance Company,

Defendants.

Civ. File No. 01-511 (PAM/SRN)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Plaintiff Bright Wood Corporation's Motion to Remand. For the reasons that follow, the Motion is granted.

**BACKGROUND**

Plaintiff Bright Wood Corporation ("Bright Wood") is an Oregon corporation that manufactures millwork such as door frames and window frames. In August 2000, Bright Wood was sued in Hennepin County court by Scherer Brothers Lumber Company for alleged negligence in the manufacture of window parts. Bright Wood sought defense and indemnity for these claims from its insurers, Defendants Bankers Standard Insurance Company ("Bankers") and California Insurance Company ("CIC"). The insurance companies declined defense and coverage, and Bright Wood then brought this action in Hennepin County court, seeking to secure coverage for the claims against it.

Bankers was served with Bright Wood's Complaint on February 22, 2001. CIC was not served until March 2, 2001. On March 22, 2001, Bankers timely filed a notice of

FILED AUG 22 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

removal to this Court, asserting jurisdiction based on diversity of citizenship.[1] The notice of removal did not, however, state that CIC consented to the removal. After the Motion to Remand was filed, CIC served its Answer to the Complaint in state court, and has since served discovery with a state-court caption on Bright Wood.

Bright Wood now moves to remand, alleging that the failure to include the consent of CIC in the Notice of Removal is a substantial defect that renders the removal invalid. Bankers responds with an affidavit from CIC's local counsel indicating that CIC gave its consent to the removal on March 20, 2001. Thus, Bankers seeks permission to amend the Notice to include CIC's consent.

**DISCUSSION**

28 U.S.C. § 1447(c) permits a motion to remand an action on the basis of any defect other than lack of subject matter jurisdiction within 30 days of the filing of the notice of removal. Although the removal statute does not state specifically that the notice of removal can be filed only if all defendants consent, courts generally hold that removal is inappropriate absent the consent of all defendants. See 28 U.S.C. § 1441(a) (stating that an action may be removed by "the defendant or the defendants"); Bradley v. Maryland Cas. Co., 382 F.2d 415, 419 (8th Cir. 1967) (noting that, "as a general rule, [the suit] may not be removed to federal court on diversity grounds unless all defendants join in the removal"). The question in this

---

[1] There is no dispute that this action meets the diversity of citizenship and amount in controversy requirements of 28 U.S.C. § 1332.

case is whether Bankers' failure to include CIC's consent in the Notice of Removal constitutes a fatal, substantial defect necessitating remand of the case.

Removal statutes are to be strictly construed. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941). However, the Eighth Circuit has cautioned against interpreting § 1441(a) in a "hypertechnical and unrealistic manner." Bradley, 382 F.2d at 419.

Bright Wood contends that this case is governed by Judge Alsop's decision in Jones v. Kremer, 28 F. Supp. 2d 1112 (D. Minn. 1998). In that case, one of two defendants removed a case to federal court. The removing defendant did not seek or receive the consent of the other defendant prior to filing the notice of removal. Id. at 1113. Judge Alsop distinguished between technical defects in a notice of removal, such as failing to allege a fact known to all parties, and substantial defects, such as failure to allege entirely new facts not in existence at the time of removal and not known to all parties. Id. at 1113-14. According to Bright Wood, Bankers' failure to include CIC's consent constitutes a substantial defect, and, under the reasoning of Jones, the case must be remanded.

Bankers responds that the key in Jones was that the fact of consent did not exist at the time the notice of removal was filed. Thus, Judge Alsop found that it would contravene the thirty-day requirement of § 1447 to allow defendant to amend the notice of removal to keep the case in federal court. Jones, 28 F. Supp. 2d at 1114. Here, the fact of CIC's consent did exist at the time Bankers' Notice of Removal was filed, but Bankers neglected to include this fact in the Notice. Bright Wood did not know that CIC consented to the removal, but the fact

of the consent existed nonetheless. Bankers admits that Bright Wood did not know of CIC's consent, but according to Bankers, that lack of knowledge is relevant only if Bright Wood was prejudiced thereby, and there is no allegation of prejudice here.

This case involves more than Bankers' failure to include the pre-existing fact of CIC's consent in the notice of removal, however. The Eighth Circuit has held that remand is inappropriate where the party seeking remand has filed other motions in federal court or otherwise acted inconsistently with remand. Koehnen v. Herald Fire Ins. Co., 89 F.3d 525, 528 (8th Cir. 1996). Although in this case CIC is not the party seeking remand, CIC has acted inconsistently with its purported consent to the removal of the action. Thus, under the reasoning of Koehnen, CIC has waived its right to consent to removal. Id. Because of this waiver, Bankers may not amend its Notice of Removal to include CIC's consent. Absent CIC's consent, removal was improper, and the case must be remanded.

**CONCLUSION**

Accordingly, for the foregoing reasons, and upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Clerk Doc. No. 8) is **GRANTED**.

Dated: August 22, 2001

Paul A. Magnuson
United States District Court Judge

# Please forward this announcement to the recipient of this fax.

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

## For additional information on either program please visit our website at www.mnd.uscourts.gov.

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500